IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA PLAINTIFF

V. CASE NO. 2:19-CR-20037-TLB

ANTHONY BOEN DEFENDANT

# FINAL JURY INSTRUCTIONS

## General Instructions

1. Introduction

2. Duty of Jury

3. Evidence; Limitations

4. Credibility of Witnesses

## Instructions on the Charges

5. Description of the Charges, Burden of Proof, and Presumption of Innocence

Elements of Each Charge

6. Count One—Deprivation of Rights Under Color of Law

7. Count Two—Deprivation of Rights Under Color of Law

8. Count Three—Deprivation of Rights Under Color of Law

Description of Each Element

9. First Element—Deprivation of a Protected Right

10 Second Element—Acting Willfully

11. Fourth Element—"Bodily Injury"



COURT EXHIBIT 8

**Other Instructions**

12. Use-of-Force Policy

13. Inmates' Rights Policy

14. Reasonable Doubt

15. Proof of Intent or Knowledge

**Deliberation Instructions**

16. Election of Foreperson; Duty to Deliberate; Punishment Not a Factor; Communications with Court; Cautionary; Verdict Form

## FINAL INSTRUCTION NO. 1

## INTRODUCTION

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because *all* are important. This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

## FINAL INSTRUCTION NO. 2

## DUTY OF JURY

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

**FINAL INSTRUCTION NO. 3**

**EVIDENCE; LIMITATIONS**

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, documents and other things received as exhibits, and the facts that have been stipulated—that is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I will list those things again for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

**FINAL INSTRUCTION NO. 4**

**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

**FINAL INSTRUCTION NO. 5**

**DESCRIPTION OF CHARGES; INDICTMENT NOT EVIDENCE; PRESUMPTION OF INNOCENCE; BURDEN OF PROOF**

The Indictment in this case charges Mr. Boen with three crimes. Specifically, Mr. Boen is charged with three counts in the Indictment: (1) Count One asserts that Mr. Boen, on or about September 14, 2017, deprived Justin Phillips of his constitutional rights by using unreasonable force; (2) Count Two asserts that Mr. Boen, on or about November 21, 2018, deprived Brandon English of his constitutional rights by using unreasonable force; and (3) Count Three asserts that Mr. Boen, on or about December 3, 2018, deprived Zachery Greene of his constitutional rights by using unreasonable force. Mr. Boen has pleaded not guilty to these charges.

The Indictment is simply the document that formally charges Mr. Boen with the crime for which he is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume Mr. Boen to be innocent. Thus, the defendant began the trial with a clean slate, with no evidence against him. The presumption of innocence alone is sufficient to find Mr. Boen not guilty and can be overcome only if the government proved during the trial, beyond a reasonable doubt, each element of the crime charged. Keep in mind that each count charges a separate crime. You must consider each count separately, and return a separate verdict for each count.

There is no burden on Mr. Boen to prove that he is innocent. Instead the burden of proof remains on the government throughout the trial. Accordingly, the fact that Mr. Boen did not testify must not be considered by you in any way, or even discussed, in arriving at your verdicts.

**FINAL INSTRUCTION NO. 6**

**ELEMENTS OF COUNT ONE**

The crime of deprivation of rights under color of law as charged in Count One of the Indictment has four essential elements, which are:

1) *One*, that on or about September 14, 2017, Mr. Boen deprived Justin Phillips of a right, privilege, or immunity secured by the Constitution or laws of the United States, that is, the right of a pretrial detainee to be free from a law enforcement officer's use of objectively unreasonable force, by punching Justin Phillips multiple times in the head and body while Justin Phillips was handcuffed and shackled in the back of a patrol vehicle and was not resisting;

2) *Two*, that Mr. Boen acted willfully, that is, Mr. Boen committed such act or acts with a bad purpose or improper motive to disobey or disregard the law, specifically intending to deprive the person of that right;

3) *Three*, that Mr. Boen acted under color of law; and

4) *Four*, that bodily injury resulted from Mr. Boen's conduct.

The parties have stipulated that the third element—whether Mr. Boen acted under color of law—is proved. You should therefore consider this element proved beyond a reasonable doubt.

If all of these elements have been proved beyond a reasonable doubt as to Mr. Boen, then you must find Mr. Boen guilty of the crime charged under Count One; otherwise you must find Mr. Boen not guilty of this crime under Count One.

## FINAL INSTRUCTION NO. 7

## ELEMENTS OF COUNT TWO

The crime of deprivation of rights under color of law as charged in Count Two of the Indictment has four essential elements, which are:

1) *One*, that on or about November 21, 2018, Mr. Boen deprived Brandon English of a right, privilege, or immunity secured by the Constitution or laws of the United States, that is, the right of a pretrial detainee to be free from a law enforcement officer's use of objectively unreasonable force, by ordering Brandon English brought to a detective's office, pushing Brandon English onto the floor, and grabbing Brandon English's hair or beard;

2) *Two*, that Mr. Boen acted willfully, that is, Mr. Boen committed such act or acts with a bad purpose or improper motive to disobey or disregard the law, specifically intending to deprive the person of that right; and

3) *Three*, that Mr. Boen acted under color of law; and

4) *Four*, that bodily injury resulted from Mr. Boen's conduct.

The parties have stipulated that the third element—whether Mr. Boen acted under color of law—is proved. You should therefore consider this element proved beyond a reasonable doubt.

If all of these elements have been proved beyond a reasonable doubt as to Mr. Boen, then you must find Mr. Boen guilty of the crime charged under Count Two; otherwise you must find Mr. Boen not guilty of this crime under Count Two.

**FINAL INSTRUCTION NO. 8**

**ELEMENTS OF COUNT THREE**

The crime of deprivation of rights under color of law as charged in Count Three of the Indictment has four essential elements, which are:

1) *One*, that on or about December 3, 2018, Mr. Boen deprived Zachery Greene of a right, privilege, or immunity secured by the Constitution or laws of the United States, that is, the right of a pretrial detainee to be free from a law enforcement officer's use of objectively unreasonable force, by striking Zachery Greene multiple times in the head while Zachery Greene was shackled to a bench in the Franklin County Jail and was not resisting;

2) *Two*, that Mr. Boen acted willfully, that is, Mr. Boen committed such act or acts with a bad purpose or improper motive to disobey or disregard the law, specifically intending to deprive the person of that right; and

3) *Three*, that Mr. Boen acted under color of law; and

4) *Four*, that bodily injury resulted from Mr. Boen's conduct.

The parties have stipulated that the third element—whether Mr. Boen acted under color of law—is proved. You should therefore consider this element proved beyond a reasonable doubt.

If all of these elements have been proved beyond a reasonable doubt as to Mr. Boen, then you must find Mr. Boen guilty of the crime charged under Count Three; otherwise you must find Mr. Boen not guilty of this crime under Count Three.

**FINAL INSTRUCTION NO. 9**

**FIRST ELEMENT – DEPRIVATION OF A PROTECTED RIGHT**

The first element of the offenses charged in Counts One, Two, and Three requires the government to prove beyond a reasonable doubt that Mr. Boen deprived the victims identified in the Indictment of a right secured or protected by the Constitution or laws of the United States.

The Indictment alleges that Mr. Boen deprived those victims of their right to due process of law, which includes the right of a pretrial detainee to be free from the use of objectively unreasonable force. Under the Fourteenth Amendment of the United States Constitution, a pretrial detainee—an individual who has been arrested for violating the law, but who has not yet been convicted of the crime for which he has been arrested—has the right to be free from a law enforcement officer's use of objectively unreasonable force while he is awaiting trial.

A use of force against a pretrial detainee violates the Fourteenth Amendment if it is excessive under objective standards of reasonableness. If you determine that Mr. Boen used physical force against the victims identified in the Indictment, you must then decide whether that force was reasonable. Unreasonable force is physical force that exceeds the objective need to use such force. Although a law enforcement officer may use force if there is an objective basis to do so, he may not use more force than is reasonably necessary under the circumstances.

An officer may not use force solely to punish, retaliate against, or seek retribution against another person. An officer may not use force merely because a detainee questions an officer's authority, insults the officer, uses profanity, or otherwise engages

in verbal provocation—unless the force is otherwise objectively reasonable at the time it is used.

In determining whether the force used was reasonable under all the facts and circumstances, keep in mind that force that is objectively reasonable at the beginning of an encounter may not be justified—even seconds later—if the objective justification for the initial use of force has been eliminated.

You should make this determination considering all of the facts and circumstances from the point of view of an ordinary and reasonable officer on the scene. In making your determination, you may consider the severity of the crime, if any, committed by the victims identified in the Indictment; the extent, if any, to which the victims identified in the Indictment posed a threat to the safety of the defendant or to any other person at the time the force was used; the extent, if any, to which the victims identified in the Indictment were physically resisting or attempting to flee at the time force was used; the need for the application of force; the relationship between the need and the amount of force that was used; the extent of the injury inflicted; and whether a reasonable officer on the scene, without the benefit of hindsight, would have used that much force under similar circumstances. You must decide whether the officer's actions were reasonable in the light of all of the facts and circumstances confronting the officer.

## FINAL INSTRUCTION NO. 10

## SECOND ELEMENT – ACTING WILLFULLY

The second element of the offenses charged in Counts One, Two, and Three requires the government to prove beyond a reasonable doubt that Mr. Boen acted willfully.

To find that the defendant acted willfully, it is not necessary for you to find that the defendant knew the specific constitutional provision or federal law that his conduct violated. You may find that Mr. Boen acted willfully even if you find that he had no real familiarity with the Constitution or with the particular constitutional right involved. However, you must find that Mr. Boen had a specific intent to deprive the victims of a right protected by the Constitution or federal law.

## FINAL INSTRUCTION NO. 11

## FOURTH ELEMENT – "BODILY INJURY"

The fourth element of the offenses charged in Counts One, Two, and Three requires the government to prove beyond a reasonable doubt that bodily injury resulted from Mr. Boen's conduct.

"Bodily injury" means (A) a cut, abrasion, bruise, burn or disfigurement; (B) physical pain; (C) illness; (D) impairment of a function of a bodily member, organ, or mental faculty; or (E) any other injury to the bodily, no matter how temporary.

**FINAL INSTRUCTION NO. 12**

**USE-OF-FORCE POLICY**

You have heard evidence about a use-of-force policy in place at the Franklin County Jail relating to the use of force by detention officers. You should not consider this use-of-force policy when you decide whether the defendant's use of force was objectively reasonable or unreasonable. But you may consider the use-of-force policy when you decide whether the defendant's actions were willful.

**FINAL INSTRUCTION NO. 13**

**INMATES' RIGHTS POLICY**

You have heard evidence about an Inmates' Rights policy in place at the Franklin County Jail relating to the treatment of inmates. You should not consider this Inmates' Rights policy when you decide whether the defendant's use of force was objectively reasonable or unreasonable. But you may consider the Inmates' Rights policy when you decide whether the defendant's actions were willful.

**FINAL INSTRUCTION NO. 14**

**REASONABLE DOUBT**

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of Mr. Boen's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

## FINAL INSTRUCTION NO. 15

## PROOF OF INTENT OR KNOWLEDGE

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by Mr. Boen, and all the facts and circumstances in evidence which may aid in a determination of Mr. Boen's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

**FINAL INSTRUCTION NO. 16**

**ELECTION OF FOREPERSON; DUTY TO DELIBERATE; PUNISHMENT NOT A FACTOR; COMMUNICATIONS WITH COURT; CAUTIONARY; VERDICT FORM**

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if Mr. Boen is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the Court Security Officer, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or not guilty must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

*Finally*, the verdict forms are simply the written notice of the decision that you reach in this case. The forms read:

[Read forms.]

You will bring these forms to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the forms, sign and date them, and advise the Court Security Officer that you are ready to return to the courtroom.