IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA PLAINTIFF

v. CASE NO. 2:19-CR-20037

ANTHONY BOEN DEFENDANT

---

JURY TRIAL, VOLUME 6 OF 6

BEFORE THE HONORABLE TIMOTHY L. BROOKS

AUGUST 9, 2021

FAYETTEVILLE, ARKANSAS

---

A P P E A R A N C E S

FOR THE PLAINTIFF:

MR. MICHAEL J. SONGER
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 305-1762
michael.songer@usdoj.gov

MR. BRANDON T. CARTER
United States Attorney's Office
414 Parker Avenue
Fort Smith, Arkansas 72901
(479) 783-5125
brandon.t.carter@usdoj.gov

Also Present: Special Agent Matthew Ferguson
Federal Bureau of Investigation

IT Technician: Mr. Kenneth Moon

FOR THE DEFENDANT:

MR. RUSSELL A. WOOD
Wood Law Firm
501 East 4th Street, Suite 4
Russellville, Arkansas 72801
(479) 967-9663
rwood@woodlawfirmpa.com

MR. PAUL PRATER
Prater Law Firm
4700 Edgemere
North Little Rock, Arkansas 72116
(870) 543-9064
paul@praterlawfirmpllc.com

# I N D E X


| | Page |
|---|---|
| Court Reconvenes .................................. | 1176 |
| Jury Enters Courtroom ............................. | 1176 |
| Jury Resumes Deliberations ........................ | 1176 |
| Jury Reaches Verdicts ............................. | 1177 |
| Reading of the Verdicts by the Court .............. | 1178 |
| Polling of the Jury ............................... | 1180 |
| Jury Released ..................................... | 1185 |
| Detention Hearing ................................. | 1186 |
| Reporter's Certificate ............................ | 1193 |

THE COURT: Counsel, anything we need to get on the record before we bring the Jury in?

MR. CARTER: Not from the United States, Your Honor.

MR. WOOD: No.

THE COURT: Please bring the Jury in.

(Jury in at 8:27 a.m.)

THE COURT: Good morning, Ladies and Gentlemen. Thanks for coming back. We're glad to see you guys.

Do any of you have anything to report from our weekend recess? Anyone attempt to contact you? Any issues? Problems?

Well, now that we have verified that each of you are present, we will go through this procedure of marching back to the jury room. Again, you're free to deliberate as long as you need to, no problems. We will work whenever you would like to work. If it does start pushing up against lunchtime, then be sure and let the CSO or court staff know and we will make arrangements to get lunch brought in as well.

We'll just do the reverse of what we just did. Everyone please stand as our Jury goes to deliberate. If the foreperson would please collect the sealed item given to us on Friday. If the alternates will come up, we have your notes in an envelope under seal as well.

(Jury out at 8:30 a.m.)

THE COURT: So the same rules from last Friday apply. Be sure your cell phones are on. And actually, with regard to counsel, I know there's some sign up, but ya'll are obviously free to have your electronic devices on, and should be on, in order for Ms. Craig to reach you if we have a note or a verdict.

If we do get to the lunch hour and you want to go somewhere close to eat, that's fine. Just let Ms. Craig know when you're going and where so we would know how long to expect you getting back.

Anything else from the government at this time?

MR. CARTER: No, Your Honor. Thank you.

THE COURT: Anything else, Mr. Wood?

MR. WOOD: No, Your Honor.

THE COURT: We'll be in recess until we hear from the Jury.

(recess taken from 8:32 a.m. to 2:33 p.m.)

THE COURT: The Court has been informed that the Jury has arrived at their verdicts, so I would ask that the Jury please be brought in. I'd ask that everyone please stand as the Jury files into the courtroom.

(Jury enters at 2:33 p.m.)

THE COURT: Juror Number 5, our foreperson, has the Jury reached a verdict on all three counts?

THE FOREPERSON: Yes, Your Honor.

THE COURT: Did you bring those with you from the jury room? Would you please tender that to the Court Security Officer?

Does each of the verdicts -- was each of the verdicts unanimous?

THE FOREPERSON: Yes, Your Honor.

THE COURT: Meaning that all 12 of you were in agreement?

THE FOREPERSON: Yes, Your Honor.

THE COURT: All right. I'm going to examine the verdicts for any irregularities and then I will read the verdicts aloud in open court.

Ladies and Gentlemen in the gallery, I would ask for your respect as the Court reads these verdicts and to not make any audible statements of expression.

As to Count One, on the crime of deprivation of rights under color of law as charged in Count One of the indictment: We, the Jury, find the defendant, Anthony Boen, not guilty. This is signed by the foreperson, Juror Number 5. It has the date of August 9, 2021.

Again, Mr. Foreperson, is this the unanimous vote of the Jury?

THE FOREPERSON: Yes, Your Honor.

THE COURT: This is Count Two. On the crime of

deprivation of rights under color of law as charged in Count Two of the indictment: We, the Jury, find the defendant, Anthony Boen, guilty. It's signed by the foreperson, Juror Number 5. And it's dated August 9, 2021.

This is Count Three. On the crime of deprivation of rights under color of law as charged in Count Three of the indictment: We, the Jury, find the defendant, Anthony Boen, guilty. Signed by Juror Number 5 as foreperson. It's dated August 6th, 2021, as well.

I forgot to ask you, Mr. Juror Number 5, on Count Two, the guilty verdict on Count Two, is that the unanimous vote of the Jury?

THE FOREPERSON: Yes, Your Honor.

THE COURT: And on Count Three, the guilty verdict there, was that the unanimous vote of the Jury?

THE FOREPERSON: Yes, Your Honor.

THE COURT: All right. Does the defense wish the Jury to be polled?

MR. WOOD: Yes, Your Honor.

THE COURT: Ladies and Gentlemen, either party, or the Court, for that matter, can ask that the Jury be polled. That means that I'm going to ask each of you with respect to each of the three counts if you agree with the verdict as reported by the foreperson.

So I have your juror numbers. I hope that you

can remember your juror numbers, but I'm going to start closest to me on the second row, and then we'll come back closest to me on the top row.

We'll start with your verdict on Count One. The foreperson reports that the Jury voted not guilty on Count One. Juror Number 11, is this your vote?

JUROR NUMBER 11: Yes, sir.

THE COURT: Juror Number 16, is this your verdict?

JUROR NUMBER 16: Yes, sir.

THE COURT: Juror Number 22, is this your verdict?

JUROR NUMBER 22: Yes, Your Honor.

THE COURT: Juror Number 37, is this your verdict?

JUROR NUMBER 37: Yes, Your Honor.

THE COURT: Juror Number 57, is this your verdict?

JUROR NUMBER 57: Yes, Your Honor.

THE COURT: Juror Number 31, is this your verdict?

JUROR NUMBER 31: Yes, Your Honor.

THE COURT: Juror Number 42, is this your verdict?

JUROR NUMBER 42: Yes, Your Honor.

THE COURT: Juror Number 32, is this your verdict?

JUROR NUMBER 32: Yes, Your Honor.

THE COURT: Juror Number 56, is this your verdict?

JUROR NUMBER 56: Yes, Your Honor.

THE COURT: Juror Number 5, is this your verdict?

JUROR NUMBER 5: Yes, Your Honor.

THE COURT: Juror Number 18, is this your verdict?

JUROR NUMBER 18: Yes, Your Honor.

THE COURT: Juror Number 27, is this your verdict?

JUROR NUMBER 27: Yes, Your Honor.

THE COURT: All right. Now, with regard to Count Two. The foreperson reports that the Jury's verdict is guilty.

I'll now ask each of you, Ms. Davis, is this your verdict?

JUROR NUMBER 11: Yes, Your Honor.

THE COURT: I'm sorry. Number 16, Juror Number 16, is this your verdict?

JUROR NUMBER 16: Yes, Your Honor.

THE COURT: Juror Number 22, is this your verdict?

JUROR NUMBER 22: Yes, Your Honor.

THE COURT: Juror Number 37, is this your verdict?

JUROR NUMBER 37: Yes, Your Honor.

THE COURT: Juror Number 57, is this your verdict?

JUROR NUMBER 57: Yes, Your Honor.

THE COURT: Juror Number 31, is this your verdict?

JUROR NUMBER 31: Yes, Your Honor.

THE COURT: Juror Number 42, is this your verdict?

JUROR NUMBER 42: Yes, Your Honor.

THE COURT: Juror Number 32, is this your verdict?

JUROR NUMBER 32: Yes, Your Honor.

THE COURT: Juror Number 56, is this your verdict?

JUROR NUMBER 56: Yes, Your Honor.

THE COURT: Juror Number 5, is this your verdict?

JUROR NUMBER 5: Yes, Your Honor.

THE COURT: Juror Number 18, is this your verdict?

JUROR NUMBER 18: Yes, Your Honor.

THE COURT: Juror Number 27, is this your

verdict?

JUROR NUMBER 27: Yes, Your Honor.

THE COURT: Now with regard to Count Three. The foreperson reports that your verdict is guilty.

Ms. Juror Number 11, is this your verdict on Count Three?

JUROR NUMBER 11: Yes, Your Honor.

THE COURT: Juror Number 16, is this your verdict?

JUROR NUMBER 16: Yes, Your Honor.

THE COURT: Juror Number 22, is this your verdict?

JUROR NUMBER 22: Yes, Your Honor.

THE COURT: Juror Number 37, is this your verdict?

JUROR NUMBER 37: Yes, Your Honor.

THE COURT: Juror Number 57, is this your verdict?

JUROR NUMBER 57: Yes, Your Honor.

THE COURT: Juror Number 31, is this your verdict?

JUROR NUMBER 31: Yes, Your Honor.

THE COURT: Juror Number 42, is this your verdict?

JUROR NUMBER 42: Yes, Your Honor.

THE COURT: Juror Number 32, is this your verdict?

JUROR NUMBER 32: Yes, Your Honor.

THE COURT: Juror Number 56, is this your verdict?

JUROR NUMBER 56: Yes, Your Honor.

THE COURT: Juror Number 5, is this your verdict?

JUROR NUMBER 5: Yes, Your Honor.

THE COURT: Juror Number 18, is this your verdict?

JUROR NUMBER 18: Yes, Your Honor.

THE COURT: Juror Number 27, is this your verdict?

JUROR NUMBER 27: Yes, Your Honor.

THE COURT: All right. The Court finds that the verdicts are free of any irregularities. Polling of the Jury indicates that in fact the Jury's verdicts on each count are unanimous.

I would like to thank the Jury so much for your service, particularly in this time in which we live with the pandemic crisis, and just how dutifully you have served, your attentiveness to the details and your deliberations in this case and the efforts that you have put into deciding this case. You are to be commended for your civic service and your civic duty and I applaud you

for that.

As is the Court's custom, if you have a few minutes, I would like to come back to the jury room and again personally thank you for your service. If you have other things to do, you're not required to stay, you're free to go, but if you would like to stay, I would like to individually express my appreciation for your civic service.

There is some business that I need to take care of. It won't take very long, so I'm going to excuse you back to the jury room at this time and I should be along in not too long.

Would everyone please stand as the Jury is in recess. Court remains in session. And the Court will release the alternates. You're free to go back to the jury room as well, like I was telling the other jurors, or you may leave if you have other things that you need to get done.

(Jury Released at 2:44 p.m.)

THE COURT: If everyone would please be seated.

So, Mr. Boen, the Jury has convicted you on two of the three counts. The next phase of these proceedings is known as the presentence investigation.

Officer Cory Johnson with United States Probation has been attending all of the trial. He's been assigned to

conduct the presentence investigation in this case. We shoot for having a sentencing hearing about four months from a conviction. And sometimes the more complicated the case, it can take a little bit longer; the less complicated, it can take a little bit less. But just to give you some frame of reference, I would anticipate that we could have a hearing in approximately four months.

THE next issue is detention or release. There is an issue here of whether this is a mandatory detention case. What is the government's position?

MR. CARTER: Your Honor, the position of the government is that it is a mandatory detention case. He's been convicted of two violent offenses. We would ask the defendant be remanded to the Marshal's custody at this time.

THE COURT: Mr. Wood?

MR. WOOD: Your Honor, obviously, we would request that he be able to stay out on the bond that he currently has. He hasn't had any issues while he's been out. He's a property owner. His family is here, private counsel, all of the normal things. And so we would ask that he be able to stay out on his current bond.

THE COURT: And what would you point to as any reason why the mandatory detention statute would not apply?

MR. WOOD: Your Honor, if the Court is inclined

to detain Mr. Boen, I would like an opportunity to research that and file a response with the Court on that.

THE COURT: All right, sir. Mr. Carter, I take it that the government will not be waiving a sentence of imprisonment, am I correct?

MR. CARTER: That is absolutely correct, Your Honor. We will be asking for imprisonment.

THE COURT: All right. 18 United States Code Section 3143(a)(2) provides that, "While awaiting the sentencing hearing, the Court shall detain a person who has been found guilty of certain crimes that are described in subparagraphs (A), (B), or (C) of subsection (f)(1) of Section 3142."

In looking at Subsection (A) of 3142(f)(1), the Court notes that it requires mandatory detention for, among other things, "Offenses of conviction that are deemed a crime of violence." So the question here is whether Mr. Boen's offense of conviction, that is, deprivation of rights under color of law causing bodily injury on Counts Two and Three pursuant to 18 U.S.C. 242 qualifies as a crime of violence under Section 3142(f)(1)(A).

For *Apprendi* purposes, Section 242 has three separate clauses, any one of which, if charged in an indictment and proven at trial beyond a reasonable doubt, could result in a conviction.

First is the misdemeanor clause, which does not require bodily injury to result. Second is the felony clause which increases the maximum to 10 years if the deprivation results in bodily injury, or in cases where use of a weapon is involved. And the third clause calls for life in prison for cases where the injury flowing from the deprivation of rights results in death or involves certain other enumerated serious felonies.

Therefore, since Section 242 has multiple separate offense clauses, it is said to be divisible, and we must conduct the crime of violence analysis using what the Supreme Court refers to as the modified categorical approach, which permits the Court to consider certain reliable documents, sometimes referred to as *Shepard* documents, to determine which clause is the clause that is charged in the indictment and proven at trial.

Here, Mr. Boen was indicted on the second clause, i.e., the felony use of objectively unreasonable force resulting in bodily injury as charged in Counts Two and Three. And the Jury was specifically instructed and returned a guilty verdict on that clause in Counts Two and Three. Therefore, the modified categorical approach leads the Court to conclude that Mr. Boen has been convicted of a crime of violence and detention is therefore mandatory absent an applicable exception.

One potential exception would be the likelihood of granting a motion for acquittal or a new trial. The Court, on this potential exception, finds that the case was very cleanly tried and that there is no likelihood that the Court would grant a motion for acquittal or a new trial.

The second potential exception would be if the government indicates its intent not to recommend a sentence of incarceration, and Mr. Carter has indicated to the Court that that is not the government's intentions here.

So in addition to the statutory texts that I've just described, the Court has considered pertinent case law on this issue. In that regard, as best I can tell, the Eighth Circuit has not had an opportunity to explicitly decide in this context of post conviction of a Section 242 offense whether it is a crime of violence for detention purposes in the mandatory detention statute. However, courts from our sister circuits have had that occasion and have indicated that at Section 242, felony offenses involving bodily injury are crimes of violence.

This would include a case from the Fifth Circuit, *United States v. Williams*, 343 F.3d 423. The pinpoint is 432 at Note 5. That's a Fifth Circuit case from 2003. It's relying on *United States v. Shelton*, 325 F.3d 553. The pinpoint is 555. That's another Fifth Circuit case from 2003.

The Court also notes the Second Circuit's decision in *United States v. Acosta*, 470 F.3d 132. The pinpoint is 136. That's a Second Circuit case from 2006. Likewise, the Fourth Circuit held -- and this is described in the footnote that, quote, "Deprivation of an individual's Fourth Amendment right to be free from excessive force qualifies as a crime of violence," period, close quote. That's *United States v. Cowden*, 882 F.3d 464. The pinpoint is 476 at Note 3. That's Fourth Circuit from 2018.

The Court would also note a District Court decision out of Colorado, *United States v. Lavallee*, 269 F. Supp. 2d 1297. The pinpoint is 1301 through 1302. That's from 2003.

And even though it's not a Section 242 case, the Court finds instructive the United States Supreme Court's decision in *United States v. Castleman*, 572 U.S. 157 at pinpoint 169. It's a Supreme Court case from 2014 where the Court held, quote, "The knowing or intentional causation of bodily injury necessarily involves the use of physical force."

So that is the basis for the Court's findings that this is a mandatory detention case. And that being the case, the Court will order that Mr. Boen be remanded into the custody of the United States Marshals Service

pending our sentencing hearing.

Given the size of our gallery today, and given the congestion between the courtroom door and the elevator, I would ask that the Marshals receive Mr. Boen into custody at this time while we wait.

Any further record the government wishes to make today?

MR. CARTER: No. Thank you, Your Honor.

THE COURT: Any further record the defense wishes to make today?

MR. WOOD: No, Your Honor.

THE COURT: We're going to wait on the record just a second to make sure they are on the way down the elevator.

While we're waiting, I do wish to inform the attorneys that this Court has a policy of no contact with jurors. This remains true even after the trial and it remains true for the attorneys and anyone working as an agent or on behalf of the attorneys. The only exception is if the jurors consent to contact. I will provide the Jury with the jury consent form. And to the extent that a juror completes the form, you may contact them, but I require, for accountability purposes, that an attorney of record be on the phone call or on the contact. You may only use the form of contact listed on the jury consent form.

We are in adjournment.

(proceedings concluded at 2:57 p.m.)

C E R T I F I C A T E

I, Paula K. Barden, CCR, RPR, RMR, Federal Official Court Reporter, in and for the United States District Court for the Western District of Arkansas, do hereby certify that pursuant to Section 753, Title 28, United States Code that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 19th day of September 2021.

______________________________
PAULA K. BARDEN, CCR, RPR, RMR #700
Federal Official Court Reporter
Western District of Arkansas